

**FILED**
**Mar 19, 2021**
**10:55 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Geraldine Mann | ) Docket No. 2020-04-0059 |
| | ) |
| v. | ) State File No. 12853-2020 |
| | ) |
| ACA Transport, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---
### Affirmed and Remanded
---

The employee, an over-the-road truck driver, alleged suffering an injury to her upper back and neck while pulling a pin on a fifth wheel. The employer disputes that it received proper notice of the alleged injury and denies that the injury is compensable. The employer also raised a defense based upon the "election of remedies" doctrine, asserting the employee is barred from recovering benefits in Tennessee as a result of pursuing benefits in Missouri. Following an expedited hearing, the trial court concluded that the employee was unlikely to prevail at trial in establishing that her current complaints arose primarily out of and in the course and scope of her employment. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Geraldine Mann, Bolivar, Missouri, employee-appellant, pro se

Emmie Kinnard and Hayley E. Vos, Nashville, Tennessee, for the employer-appellee, ACA Transport, LLC

**Memorandum Opinion[1]**

Geraldine Mann ("Employee") began working as a truck driver for ACA Transport, LLC ("Employer"), on September 9, 2019. She alleges that two days later she injured her upper back and neck while pulling a pin on a fifth wheel. She contends she immediately informed her supervisor, Ron Sias, of the injury and that she had multiple discussions with both Mr. Sias and A.C. Aldon, Employer's owner, regarding her back injury over the next few weeks. Mr. Sias and Mr. Aldon dispute Employee's assertion that she reported her injury, maintaining the first notice they received was via text message on October 31, 2019.

Employee continued to work for Employer until her termination on January 8, 2020, purportedly for driving in excess of the number of hours permitted by federal law. That same day, Employee filled out an application to return to work for her previous employer, RBX, Inc. ("RBX"). She returned to work for RBX until some time in February 2020.

Following the alleged work injury, Employee presented to Cookeville Regional Medical Center on October 3, 2019, complaining of difficulty urinating accompanied by right low back pain, but made no complaints of upper back or neck pain. On October 8, 2019, approximately one month after her alleged injury, Employee underwent a DOT physical. She reported experiencing back and neck problems related to a 2013 neck surgery that she said left her with "some limitations." The DOT medical examiner indicated Employee's back and spine were "normal." No mention was made during this examination of any recent work injury or of any complaints associated with a recent back injury.

While working for Employer on December 3, 2019, Employee suffered a work-related injury to her right hand while coupling a trailer to her truck. She was seen at Express Wellness Urgent Care for the hand injury. In the history taken at that visit, she denied back or muscle pains, and her examination revealed she had normal range of motion in her shoulders. She was diagnosed with a contusion to the right hand.

On January 13, 2020, Employee attended another DOT physical after returning to work for RBX, which was performed by Susie Robertson, a nurse practitioner and DOT Medical Examiner at Faith Intermediate Care and Occupational Medicine. The record of that examination reflects that Employee reported the prior neck surgery in 2013 and that she had no limitations. Her back and spine were described by the examiner as "normal."

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

On February 23, 2020, Employee filed a petition seeking medical benefits from Employer, asserting that she injured her neck on September 11, 2019 when she was "[p]ulling the pin on the fifth wheel." The petition alleged that she gave notice of her injury on September 11 "and several other dates," stating that "Employer [would] not file the claim." Employer subsequently provided a panel of physicians, and Employee selected Faith Intermediate Care and Occupational Medicine from the panel. She was seen the next day by Ms. Robertson, the DOT Medical Examiner who performed Employee's January DOT physical.[2] Employee reported she suffered an injury to her neck on September 11, 2019, and was experiencing back and neck pain. She denied having received treatment for the injury and reported she was unable to fully rotate her head or lift her arms above her head. She acknowledged having previously undergone surgery on her cervical spine but maintained her current symptoms were "in a different area." Ms. Robertson noted that Employee's range of motion in her neck was self-limited and that she had greater passive range of motion than active range of motion. She had decreased forward flexion and extension of her shoulders, but the report indicates her exam was otherwise normal. Ms. Robertson stated in the report that she was "[u]nable to note if current symptoms are related to an injury in September in light of normal exam noted on recent DOT physical completed by this provider in January 2020."

After receipt of Ms. Robertson's report, Employer denied Employee's claim for a September 2019 injury. Employee, a Missouri resident, retained counsel in Missouri, who filed a claim there despite the fact that Employee had an active Tennessee workers' compensation claim.[3] On March 4, 2020, Employee was evaluated at Cox South Emergency Department for complaints of neck pain. She described feeling and hearing something pop and snap in her neck on September 11, 2019 when pulling a pin on a fifth wheel. Employee reported increased pain in her neck and numbness in both arms. The record from that visit reflects Employee stated she had not been evaluated for her injury and that she had hired an attorney who had instructed her to go to the emergency room. The report indicated Employee stated she experienced decreasing mobility while turning her head and raising her arms due to pain. She was diagnosed with cervical pain. Employee was also evaluated for her alleged work injury at Citizens Memorial Hospital Clinic on April 14, 2020, where she continued to receive unauthorized medical care, including physical therapy and, ultimately, an orthopedic referral.

---

[2] The trial court's order reflects that this visit was with Dr. Jasper Wakeman, a physician in the same medical practice as Ms. Robertson, whose signature appears at the end of the record. However, the first page of the February 24, 2020 record indicates the attending provider was Ms. Robertson, which is consistent with the statement in that record that she was "[u]nable to note if current symptoms are related to an injury in September in light of normal exam noted on recent DOT physical *completed by this provider* in January 2020." (Emphasis added.)

[3] Employee has indicated she does not intend to pursue the Missouri claim. Employer has raised an election of remedies defense in the event Employee does not dismiss the Missouri claim.

Following an expedited hearing, the trial court concluded Employee was unlikely to prove her injury arose primarily out of and in the course and scope of her employment. The court principally based its decision on its assessment of Employee's credibility, noting that Employee had presented no evidence to corroborate her testimony that her injury occurred on September 11 or that she had reported her injury to either Mr. Sias or Mr. Aldon. The court also noted that Employee's testimony was not consistent with the medical records entered into evidence, which did not reflect any complaints related to a work injury until February 24, 2020. The court further noted that both DOT physicals performed after the alleged injury were silent with respect to an alleged work injury, and the court concluded that Employee's explanation for this silence made her credibility "suspect." Finally, the court pointed out that, "as to causation, [the authorized medical provider] stated [s]he was 'unable to note if current symptoms are related to an injury in September in light of normal exam noted on recent DOT physical,'" adding that "[u]nder the circumstances, neither can the Court." The court denied Employee's request for benefits, concluding Employee is "unlikely to prove her current complaints arose primarily out of and in the course and scope of her employment." Employee has appealed.[4]

Employee is self-represented in this appeal, as she was in the trial court. Parties who represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Tennessee Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

The trial court's determinations rested largely on its assessment of the witnesses' credibility. As we have previously observed, "[w]hen the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Love v. Delta Faucet Co.*, No. 2015-07-0195, 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *17 (Tenn. Workers' Comp. App. Bd. Sept. 19, 2016) (citing *Tryon v. Saturn Corp.*, 254 S.W.3d

---

[4] Employee submitted numerous documents and correspondence after filing her notice of appeal, including additional medical information. However, as we have previously noted, we will not consider on appeal any documents or other evidence not presented to and considered by the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

321, 327 (Tenn. 2008)).  Here, the preponderance of the evidence supports the trial court's credibility determinations.

Furthermore, although Employee filed a brief on appeal, her brief did not contain any legal arguments or explanations describing how the trial court purportedly erred. Rather, she reiterated the arguments she made in the trial court.  When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered.  *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018).  It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position.  *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).  Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Accordingly, we affirm the decision of the trial court and remand the case.  Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Geraldine Mann | ) | Docket No. 2020-04-0059 |
| | ) | |
| v. | ) | State File No. 12853-2020 |
| | ) | |
| ACA Transport, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of March, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Geraldine Mann | | | | X | mrsmann51@yahoo.com |
| Hayley E. Vos Emmie Kinnard Jill Armstrong | | | | X | hvos@ortalekelley.com ekinnard@ortalekelley.com jarmstrong@ortalekelley.com |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov